**NATURAL RESOURCES DEFENSE COUNCIL, INC., Plaintiff,**

v.

**GOULD, INC., Defendant.**

**Civ. A. No. 89–0746–H.**

United States District Court, D. Massachusetts.

March 28, 1990.

Peter L. Koff, Murphy, DeMarco & O'Neill, P.C., Boston, Mass., and James F. Simon and Nora J. Chorover, Natural Resources Defense Council, Inc., New York City, for plaintiff.

John Bilanko, Gould, Inc., Rolling Meadows, Ill., and Marcus E. Cohn, P.C., Gregory P. Deschenes, Tracey E. Madden and Frederick A. Kelly, Jr., Peabody & Brown, Boston, Mass., for defendant.

**MEMORANDUM AND ORDER**

HARRINGTON, District Judge.

This case arises from a citizen's action by Plaintiff Natural Resources Defense Council, Inc., against Defendant Gould, Inc., for violations of the Clean Water Act, 86 Stat. 816, 33 U.S.C. § 1251 *et seq.* (1986 Ed.). The Court granted plaintiff's motion for summary judgment on the issue of defendant's liability. The Court also ruled as a

matter of law that the trial on penalties would be limited to post-complaint violations, based upon my reading of the Supreme Court decision in *Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Foundation*, 484 U.S. 49, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987). *Natural Resource Defense Council, Inc. v. Gould, Inc.*, 725 F.Supp. 634 (D.Mass.1989). The Court of Appeals denied the plaintiff's petition for an interlocutory appeal, pursuant to 28 U.S.C. § 1292(b). *Natural Resources Defense Council, Inc. v. Gould, Inc.*, No. 89–8051, slip op. (1st Cir. January 30, 1990). Following the denial of certification, plaintiff moved this Court to revise its Order of October 27, 1989, and to allow the plaintiff the opportunity to be heard on the availability of penalties for all violations.

Following an examination of the parties' written submissions, an oral hearing and a review of the most recent Fourth Circuit decision in *Chesapeake Bay Foundation v. Gwaltney*, 890 F.2d 690 (4th Cir.1989), which followed my previous decision in this case, the Court GRANTS the Plaintiff's Motion for Revision of the Court's Memorandum and Order insofar as the ruling stated that as a matter of law the Court would impose penalties under Section 505(a) of the Clean Water Act only for post-complaint violations.

The *Gwaltney* case has had a protracted five-year history of litigation. *Chesapeake Bay Foundation v. Gwaltney of Smithfield, Ltd.*, 611 F.Supp. 1542 (E.D.Va.1985), *aff'd*, 791 F.2d 304 (4th Cir.1986), *vacated*, 484 U.S. 49, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987), *on remand*, 844 F.2d 170 (4th Cir. 1988), *on remand*, 688 F.Supp. 1078 (E.D. Va.1988), *aff'd in part, rev'd in part*, 890 F.2d 690 (4th Cir.1989). Because the Fourth Circuit has such familiarity with the issues involved in the case, this Court follows the Fourth Circuit decision. Precedent binds the personal interpretation of the individual trial judge and induces him to follow a collective judgment formed by many minds over time.

Therefore, the Court will consider evidence of all "ongoing violations" by Gould, as defined by the Supreme Court in *Gwalt-*

*ney of Smithfield v. Chesapeake Bay Foundation*, 484 U.S. 49, 57, 108 S.Ct. 376, 381, 98 L.Ed.2d 306 (1987). There the Court interpreted the term "to be in violation," as described in the citizen plaintiff provision of the Clean Water Act, to include "a reasonable likelihood that a past polluter will continue to pollute in the future." (citing 33 U.S.C. § 1365). The Fourth Circuit established a standard expanding upon the Supreme Court's interpretation which has instructed that citizen-plaintiffs can prove an ongoing violation

either (1) by proving violations that continue on or after the date the complaint is filed, or (2) by adducing evidence from which a reasonable trier of fact could find a continuing likelihood of a recurrence in intermittent or sporadic violations. Intermittent or sporadic violations do not cease to be ongoing until the date when there is no real likelihood of repetition. . . .

. . . [T]he district court may wish to consider whether remedial actions were taken to cure violations, the *ex ante* probability that such remedial measures would be effective, and any other evidence presented during the proceedings that bears on whether the risk of defendant's continued violation had been completely eradicated when citizen-plaintiffs filed suit.

*Gwaltney*, 844 F.2d at 171–172. At trial the plaintiff will be required to prove the existence of an ongoing violation (either continuous or intermittent) in order to prevail. *See Gwaltney*, 484 U.S. at 66, 108 S.Ct. at 386.

Based upon what Defendant Gould describes as "thunderous dicta" from the Supreme Court in *Gwaltney*, this Court continues to view the role of citizen suits as supplemental to governmental action. *See also, Ringbolt Farms Homeowners Ass'n v. Town of Hull*, 714 F.Supp. 1246, 1255 (D.Mass.1989). For reasons discussed in this Court's prior decision, 725 F.Supp. 634, it is obvious the guiding principle from the Supreme Court is that the enforcement of the Clean Water Act by private citizens should be forward looking, with the primary focus on the eradication of future

violations. This Court will be guided by its interpretation of the philosophy articulated by the Supreme Court in *Gwaltney*. In exercising its discretion regarding the imposition of penalties at trial, any such decision will be linked to plaintiff's proof that Gould has committed post-complaint violations or that at the time of trial there is a reasonable likelihood that sporadic or intermittent pollution will occur in the future. *See* 890 F.2d at 695. The Court will conduct a parameter analysis in its determination of ongoing violations and in its assessment of penalties. *See Gwaltney*, 890 F.2d at 698.